OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Michael Cadwallader, appeals from a judgment of the Niles Municipal Court, finding him in violation of Niles City Ordinance 537.14(A). For the reasons that follow, we affirm.
 {¶ 2} On June 25, 2003, Suyrea Young ("Ms. Young") filed a complaint with the Niles Municipal Court, naming appellant as the defendant. Ms. Young's complaint alleged that appellant had subjected their ten-year old biological son, Phillip, to an instance of domestic violence, in violation of Niles City Ordinance 537.14(A). Specifically, the complaint stated that appellant had shoved a rolled-up spiral notebook into Phillip's mouth.
 {¶ 3} This matter proceeded to a hearing before the municipal court on August 22, 2003. During the hearing, Lieutenant Ron Durst ("Lt. Durst"), of the Niles Police Department, testified that he was made aware of the domestic violence allegation and physically examined the inside of Phillip's mouth. Lt. Durst's examination failed to reveal any evidence of physical injury.
 {¶ 4} Lt. Durst further testified that, following his physical examination of Phillip, he spoke with appellant. Lt. Durst's testimony revealed that, during this conversation, the complaint allegations were explained to appellant, and appellant admitted that he had in fact shoved a notebook in Phillip's mouth.[1]
 {¶ 5} Brian Bartlett ("Mr. Bartlett"), of Trumbull County Children Services, testified that he also investigated the allegations of the complaint. Mr. Bartlett testified that he examined the inside of Phillip's mouth and was unable to find any physical injuries, such as cuts or lacerations.
 {¶ 6} Next, Phillip testified with respect to the factual circumstance relevant to the complaint. Phillip stated that appellant had repeatedly asked him to put some of his school materials away. Phillip further testified that when he failed to comply with this request, appellant became angry and, after throwing papers at him, shoved a spiralwired notebook in his mouth. As a result, Phillip testified that he endured "some" pain or discomfort and that the right side of his cheek was cut.
 {¶ 7} Finally, appellant testified that on the night of the incident he tripped and fell over some of Phillip's school notebooks and folders. Appellant testified that a verbal argument between appellant and Phillip ensued. The verbal argument was regarding Phillips failure to clean up his school materials and Phillip's refusal to assist in preparing dinner. Appellant's testimony acknowledged that when Phillip refused to help with preparing dinner appellant stated, "What are we suppose to eat here, your papers?" and stuck a wireless folder in Phillip's mouth.
 {¶ 8} At the conclusion of the hearing, the municipal court determined appellant to be in violation of Niles City Ordinance 537.14(A). As part of its post-hearing oral statement, the court noted, "shoving a notebook whether it be wires or spiral or without it is not discipline in any sense of the word" and "[b]ecause we have to do as much as we possibly can to get it right the Court finds you Guilty[.]" Based upon this determination, the municipal court issued an August 22, 2003 judgment entry determining appellant's guilt and fining him in the amount of $50. The court then proceeded to suspend the $50 fine. Furthermore, the court placed appellant on nonreporting community control and ordered appellant to attend counseling.
 {¶ 9} From this judgment, appellant filed a timely notice of appeal and sets forth the following four assignments of error for our consideration:
 {¶ 10} "[1.] Parental discipline is an affirmative defense to domestic violence.
 {¶ 11} "[2.] The trial court applied a preponderance of the evidence standard instead of a beyond a reasonable doubt standard.
 {¶ 12} "[3.] The decision of the trial court is against the sufficiency of the evidence.
 {¶ 13} "[4.] The decision of the trial court is against the manifest weight of the evidence."
 {¶ 14} For the sake of clarity, we will discuss appellant's assignments of error out of order. Under his third assignment of error, appellant maintains that the municipal court erred in finding he had violated Niles City Ordinance 537.14(A), as such a determination was against the sufficiency of the evidence. Appellant argues that there was no evidence showing that he attempted to cause Phillip physical harm, or that Phillip actually sustained physical harm. In particular, appellant maintains that the uncorroborated testimony of Phillip was contradicted by the testimony of Lt. Durst and Mr. Bartlett. Although not expressly stated, apparently appellant is referring to Lt. Durst and Mr. Bartlett's testimony which stated that they failed to find evidence of any physical injury within Phillip's mouth.
 {¶ 15} When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average trier of fact of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia
(1979), 443 U.S. 307.
 {¶ 16} Here, the prosecution was required to prove, beyond a reasonable doubt, that appellant "knowingly caused or attempt[ed] to cause physical harm to a family or household member[.]" Niles City Ordinance 537.14(A). In Warren v. Culver, 11th Dist. No. 2003-T-0023, 2004-Ohio-333, this court examined Warren Ordinance 537.14(a). The language of Warren Ordinance 537.14(a) is identical to the language of Niles City Ordinance 537.14(A). Thus, Culver is relevant to our analysis of the case sub judice.
 {¶ 17} In Culver, our examination of the defendant's sufficiency argument noted that, as long as there was competent, credible evidence before the jury that the defendant attempted
to cause physical harm to a household or family member, there was sufficient evidence to sustain the conviction for domestic violence. Id. at ¶ 12. Accordingly, the prosecution was not required to establish the existence of actual physical injury. Id., citing State v. Whitfield, 1st Dist. No. C-020241, 2002-Ohio-5984, at ¶ 13.
 {¶ 18} Here, the record before us confirms that Lt. Durst and Mr. Bartlett testified that there was no evidence of actual physical injury to the inside of Phillip's mouth. This testimony was contradictory to Phillip's testimony that the spiral-wired notebook had cut the inside of his cheek. However, Culver has demonstrated that the prosecution was not required to prove the existence of a physical injury. Thus, appellant's reliance upon the absence of any corroborative evidence supporting Phillip's testimony, which described a physical injury, is misplaced.
 {¶ 19} Nevertheless, there was sufficient evidence presented establishing appellant's attempt to cause physical harm to a family member. Appellant's own testimony confirmed the relevant facts. He testified that following an argument with his son he became angry and, as a result, shoved a notebook into Phillip's mouth. This was verified by Lt. Durst's testimony that, prior to the hearing, appellant had admitted to shoving a notebook in Phillip's mouth.
 {¶ 20} The foregoing confirms that there was an adequate amount of unrebutted testimony showing, beyond a reasonable doubt, that appellant had attempted to cause physical harm to Phillip. Therefore, there was sufficient evidence to sustain the judgment of the municipal court. Appellant's third assignment of error is without merit.
 {¶ 21} Under his first assignment of error, appellant argues that his fundamental liberty interest in disciplining and controlling his child acted as an affirmative defense to a charge of domestic violence. Specifically, appellant contends that "[p]utting paper into his son's mouth while saying `what are we supposed to do eat your papers,' does not obviate his liberty interest in raising and controlling his son."
 {¶ 22} "[T]he Ohio Supreme Court has recognized that proper
and reasonable parental discipline is an affirmative defense, available to a parent faced with possible conviction for actions incurred while disciplining a child." (Emphasis added.) State v.Holzwart, 151 Ohio App.3d 417, 2003-Ohio-345, at ¶ 14. See, also, State v. Vandergriff, 11th Dist. No. 99-A-0075, 2001-Ohio-4327. In the context of parental discipline, "proper" and "reasonable" has been defined as "suitable or appropriate" and "not extreme or excessive." State v. Jones (2000),140 Ohio App.3d 422, 429.
 {¶ 23} R.C. 2901.05(C)(2) defines a non-statutory affirmative defense as a defense involving an excuse or justification peculiarly within the knowledge of the accused, upon which he or she can fairly be required to adduce supporting evidence. Pursuant to R.C. 2901.05(A), "the burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused." Thus, the issue before us is whether appellant demonstrated, by a preponderance of the evidence, that his form of parental discipline was "proper" and "reasonable."[2]
 {¶ 24} To determine whether appellant's specific actions were "proper" and "reasonable," we must examine all the relevant facts and circumstances. Jones at 430. "Relevant facts and circumstances include the child's age, the child's behavior that led to the parent's action, the child's response to non-corporal punishment, and the location and severity of the punishment." Id.
 {¶ 25} The circumstances surrounding the events at issue demonstrate that appellant engaged in a verbal argument with his son, Phillip, a ten-year old, regarding Phillip's failure to clean up his school papers and notebooks and his refusal to help make dinner. As a result of this verbal argument, appellant shoved a rolled-up notebook of some sort into Phillip's mouth.
 {¶ 26} Based upon these relevant facts and circumstances, we conclude that appellant's choice of discipline was neither "proper" nor "reasonable." We first note that whenever a parent uses an implement to physically discipline his or her child, that individual runs the risk of engaging in discipline which is not reasonable. Here, the shoving of a notebook into Phillip's mouth by appellant was an inappropriate form of punishment. The risks such an act presented far outweighed any degree of reasonableness or appropriateness.
 {¶ 27} Because appellant's form of parental discipline was neither "proper" nor "reasonable," he may not rely upon such an affirmative defense to the domestic violence charge. Thus, appellant's first assignment of error is without merit.
 {¶ 28} Under his fourth assignment of error, appellant argues that the municipal court's decision was against the manifest weight of the evidence. Specifically, appellant argues that given all the evidence, and taking into account his liberty interest to discipline his child, the court's judgment was against the manifest weight of the evidence.
 {¶ 29} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983),20 Ohio App.3d 172, 175. See, also, State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 30} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins
at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 31} Our analysis of appellant's first assignment of error has determined that appellant's form of parental discipline was neither "proper" nor "reasonable." Thus, in this case, we need not consider appellant's liberty interest in disciplining his child as a factor to weigh against the municipal court's determination.
 {¶ 32} Accordingly, we determine the record demonstrates there was competent, credible evidence showing that appellant attempted to cause physical harm to Phillip and that such action was neither "proper" nor "reasonable" parental discipline under the circumstances of this case. Thus, the decision of the municipal court was not against the manifest weight of the evidence. Appellant's fourth assignment of error is without merit.
 {¶ 33} Under his second assignment of error, appellant argues that the court erred in applying a preponderance of the evidence standard. In support of this contention, appellant cites to the following post-hearing oral statement by the municipal court: "[b]ecause we have to do as much as we possibly can to get it right the Court finds you Guilty[.]" Appellant maintains that the court's use of the phrase "to get it right" demonstrates it improperly applied a preponderance of the evidence standard.
 {¶ 34} Although appellant correctly notes that the municipal court was required to find him guilty beyond a reasonable doubt, he fails to demonstrate that the court used a different standard. At a bench trial, the court is presumed to apply the correct law and legal standards. State v. Coombs (1985), 18 Ohio St.3d 123,125.
 {¶ 35} The general context of the statement demonstrates that the court was attempting to inform appellant that it had found him guilty of the underlying charge. This is corroborated by the initial portion of the court's oral statement, to wit:
 {¶ 36} "The Court recognizes that the parent has an absolute right to discipline his child. Listening to all the evidence the Court finds you guilty of Domestic Violence, because shoving a notebook whether it be wires or spiral or without it is not discipline in any sense of the word."
 {¶ 37} We see nothing in this statement which establishes the applicable burden of proof. We note that the court's written judgment entry omits any extraneous statements and simply states, "based upon the evidence and the law, the Court finds the Defendant, Michael Cadwallader, `Guilty' as charged."
 {¶ 38} While the court failed to expressly state that it found appellant guilty beyond a reasonable doubt, we are unaware of any statutory or common law authority which required the court to do so. In any event, appellant has failed to demonstrate that the municipal court applied the wrong burden of proof and, therefore, failed to overcome the presumption of regularity afforded to a bench trial. See, e.g, State v.Amerson (July 5, 2001), 8th Dist. No. 78235, 2001 Ohio App. LEXIS 3015, at 11. Accordingly, appellant's second assignment of error is without merit.
 {¶ 39} Based upon the foregoing analysis, appellant's four assignments of error are without merit. We hereby affirm the judgment of the municipal court.
Ford, P.J., Rice, J., concurs.
[1] There was a conflict in testimony as to whether the notebook was spiral bound or not.
[2] Although parental discipline is an affirmative defense, "the issue need not be raised prior to trial under Crim.R. 12."Vandergriff at 11.