[Cite as *State v. Soller*, 2016-Ohio-3004.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2015-A-0049 |
| CHRISTOPHER B. SOLLER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2013 CR 082.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Edward M. Heindel,* 400 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}   Defendant-appellant, Christopher B. Soller, appeals from the Judgment Entry of the Ashtabula County Court of Common Pleas, denying his Petition for Post-Conviction Relief.  The issues to be determined by this court are whether a claim of ineffective assistance of counsel, based on trial counsel's advice to try the case to a judge and the decision to stipulate to medical records, is barred by res judicata in a

postconviction proceeding and whether these decisions were tactical. For the following reasons, we affirm the judgment of the trial court.

{¶2} On March 28, 2013, Soller was indicted by the Ashtabula County Grand Jury for one count of Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1); and one count of Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2).

{¶3} A trial to the court was held on March 7, 2014.[1] Testimony established that Soller and Gary Greene were involved in an argument at a bar on December 8, 2012. Soller hit Greene, who ended up on the ground, unconscious. As a result, Greene suffered injuries and had to undergo a medical procedure on his eye, leading to ongoing vision problems. On that night, Soller also hit Dennis Cox, the bar owner, with his car.

{¶4} At the conclusion of the trial, the court found Soller guilty of both counts of Felonious Assault. On May 15, 2014, a Judgment Entry of Sentence was issued by the trial court, ordering Soller to serve a term of five years in prison for each count of Felonious Assault, to be served concurrently.

{¶5} Soller appealed and on February 23, 2015, this court affirmed his convictions in *State v. Soller*, 11th Dist. Ashtabula No. 2014-A-0034, 2015-Ohio-635.

{¶6} On July 21, 2015, Soller filed a Petition for Post-Conviction Relief. He argued that he received ineffective assistance of trial counsel, by stipulating to medical records that "were clearly in dispute and were the lynchpin of the State's case" and allowing Soller to waive his right to a jury trial. The Petition was subsequently

---

1. A thorough description of the testimony is included in *State v. Soller*, 11th Dist. Ashtabula No. 2014-A-0034, 2015-Ohio-635.

supplemented with Soller's affidavit. The State filed a Motion to Dismiss the Petition on July 29, 2015.

{¶7} On August 14, 2015, the trial court issued a Judgment Entry, denying the Petition for Post-Conviction Relief on the grounds that it was barred by res judicata and that the issues raised were matters of trial strategy.

{¶8} Soller filed an Application for Reopening with this court on August 17, 2015, alleging that appellate counsel was ineffective for the reasons contained in his Petition. This court denied the Application.

{¶9} On September 1, 2015, Soller filed his Notice of Appeal from the trial court's judgment.

{¶10} On appeal, Soller raises the following assignment of error:

{¶11} "The trial court erred in denying Soller's petition for post-conviction relief without a hearing when Soller presented a valid and timely claim[] for ineffective assistance of trial counsel, and his claim were not res judicata." (sic.)

{¶12} Pursuant to R.C. 2953.21(A)(1)(a), a convicted defendant "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States," may file a petition "stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶13} Generally, an appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Hendrix*, 11th Dist. Lake No. 2012-L-080, 2013-Ohio-638, ¶ 7. "If, however, a trial court denies a petition by operation of law, e.g., by application of the doctrine of res judicata, this court's review

3

is de novo." *State v. Grega*, 11th Dist. Ashtabula No. 2014-A-0052, 2015-Ohio-946, ¶ 16.

**{¶14}** "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus.

**{¶15}** As an initial matter, the trial court found that Soller's arguments were barred by res judicata, since they could have been raised in his direct appeal. We agree.

**{¶16}** The issues raised by Soller, including the decision to stipulate to certain evidence and to proceed with a trial to the court, would have been in the record at the time of the trial and, thus, during his direct appeal. "Where [a] defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief." *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), syllabus. "A petition for postconviction relief does not * * * permit a defendant a second opportunity to litigate his conviction or argue issues that could have been or were previously raised." *Grega* at ¶ 17.

**{¶17}** Soller argues that his contentions are not barred by res judicata because these claims were only first raised in the affidavit attached to his Petition. This does nothing to change the fact that Soller himself knew this information previously and it did

4

not amount to evidence outside of the record. This is not the case where unknown information was discovered after the trial. The fact that Soller failed to convey these arguments to counsel does not avoid the doctrine of res judicata.

{¶18} Even presuming this matter was not barred by res judicata, Soller's arguments lack merit. We note that these arguments were raised and rejected by this court in response to Soller's Application for Reopening.

{¶19} Trial counsel's decision to stipulate to the medical records was a tactical one and falls within the range of reasonable professional assistance. *State v. Mackey*, 12th Dist. Warren No. CA99-06-065, 2000 Ohio App. LEXIS 480, 14 (Feb. 14, 2000). Given the nature of Greene's injuries, including a retrobulbar hemorrhage which required Greene to undergo a procedure to cut a ligament in his eye to relieve pressure, testimony or questioning attempting to dispute these records may have hurt Soller's case more than it helped. We find no basis for second guessing trial counsel's decision. *See State v. Ferguson*, 108 Ohio St.3d 451, 2006-Ohio-1502, 844 N.E.2d 806, ¶ 81 (stipulating to evidence is a "'legitimate tactical decision'" when it "avoid[s] the danger of reiterating the state's evidence and eliciting further expert testimony that might be damaging").

{¶20} Also, while Soller argues that a statement in the medical records, describing Greene as a "victim of assault," should have been subject to cross-examination, the failure to refute this statement did not impact the trial's outcome. The lower court was able to determine that there was a legal basis for a finding of assault from the other testimony and video of the incident presented at trial.

5

{¶21} Soller's argument regarding the failure to address statements in the medical records as to Greene's level of intoxication lacks relevance as to the outcome of the proceedings. Greene's intoxication bears no relationship to whether Soller committed the assault (which was captured on videotape) or to whether Greene experienced serious injuries.

{¶22} Finally, Soller asserts that trial counsel should not have "subjected the evidence to a Judge, instead of a jury." Again, an attorney's advice to his client to waive a jury trial is a tactical decision. *State v. Sauers*, 11th Dist. Portage No. 92-P-0015, 1992 Ohio App. LEXIS 6250, 9 (Dec. 11, 1992). Soller's decision to accept that advice and knowingly and voluntarily sign a waiver of his right to a jury trial, also provides grounds to preclude an ineffectiveness claim. *See State v. Rippy*, 10th Dist. Franklin No. 08AP-248, 2008-Ohio-6680, ¶ 17.

{¶23} While Soller argues that he was entitled to an evidentiary hearing, pursuant to R.C. 2953.21(C), "a defendant's petition may be denied without a hearing when the petition, supporting affidavits, documentary evidence, files, and records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶ 36, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). A trial court may also dismiss a postconviction petition without holding an evidentiary hearing when the claims raised in the petition are barred by res judicata. *Adams* at ¶ 38. For the reasons outlined above, the trial court did not err in denying the Petition without holding an evidentiary hearing.

{¶24} The sole assignment of error is without merit.

6

{¶25} For the foregoing reasons, the Judgment Entry of the Ashtabula County Court of Common Pleas, denying Soller's Petition for Post-Conviction Relief, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.