[Cite as *State v. Cookingham*, 2017-Ohio-8362.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0023** |
| THOMAS D. COOKINGHAM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court, Western District, Case No. 2016 CRB 00204W

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Wesley A. Johnston,* P.O. Box 6041, Youngstown, OH 44501, and *Eric Hall,* P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Thomas D. Cookingham, appeals from his convictions for Aggravated Menacing, Resisting Arrest, Obstructing Official Business, Disorderly Conduct, and Possession of Marijuana in the Ashtabula County Court, Western District. The issues to be determined in this case are whether convictions are supported by the weight and sufficiency of the evidence when they rely primarily on the testimony of the officers who witnessed the crimes, and whether trial counsel is ineffective by choosing to pursue a bench trial, failing to move for acquittal, and not

presenting witnesses for the defense. For the following reasons, we affirm the decision of the lower court.

{¶2} On March 15, 2016, a Complaint was filed, charging Cookingham with two counts of Aggravated Menacing, misdemeanors of the first degree, in violation of R.C. 2903.21(A); Resisting Arrest, a misdemeanor of the second degree, in violation of R.C. 2921.33(A); Obstructing Official Business, a misdemeanor of the second degree, in violation of R.C. 2921.31(A); Disorderly Conduct, a misdemeanor of the fourth degree, in violation of R.C. 2917.11(A)(1); and Possession of Marijuana, a minor misdemeanor, in violation of R.C. 2925.11(A).

{¶3} A bench trial was held on February 28, 2017, during which the following testimony was presented:

{¶4} Deputy Evan Wolff of the Ashtabula County Sheriff's Office was dispatched to a home in Geneva Township on March 5, 2016, where a "disturbance" had been reported by Cookingham's brother. Upon arrival, he observed Cookingham, whom he recognized from past incidents, standing in the driveway. After Wolff exited his patrol car, Cookingham began yelling and cursing at him, saying "what the [expletive] are you doing here? No one called you." Wolff remained behind his car door due to Cookingham's upset and agitated demeanor, and tried to speak with him. At one point, Cookingham adopted a stance that Wolff viewed as threatening, and hid his hand from Wolff's view. Wolff gave Cookingham repeated orders to show his hands but Cookingham did not comply.

{¶5} Deputy Matthew Johns arrived at the scene simultaneously with Wolff, after receiving a dispatch that Cookingham was acting aggressively, threatening people, and was possibly under the influence of drugs. After Wolff was unsuccessful, Johns

2

attempted to use de-escalation skills to calm Cookingham, but he began "to act physically aggressive." Cookingham started to walk toward a vehicle in the driveway with an open door and Johns feared he may be "going to retrieve a weapon." He told Cookingham he was under arrest and tried to handcuff him. Cookingham "physically resisted to the point where [Johns] was unable to control him physically." Wolff described that Cookingham "began to flail and try to spin out of [their] grasp." According to Johns, Cookingham's arm "brushed against" his duty weapon and he took Cookingham to the ground to get better control.

{¶6} According to both deputies, a search of Cookingham was performed incident to arrest, which revealed two containers. One contained burnt marijuana cigarettes, from which the odor of marijuana could be smelled. In another container, there was a substance that both officers recognized to be marijuana.

{¶7} Both officers testified that Johns "tapped the contents of the containers" onto the hood of the police cruiser, at which time Cookingham "blew it off of the hood" and onto the gravel driveway, where much of it could not be collected. Johns testified that the marijuana cigarettes were not submitted to the lab since they would not be accepted for testing.

{¶8} According to Wolff, after Cookingham was arrested, he threatened to kill Wolff and his family and rape his wife and kids. Wolff took those threats "very seriously" and felt that he and his family were in harm's way.

{¶9} Johns testified that once Cookingham was placed in the cruiser he also threatened to kill Johns and his family, as well as rape his wife. Cookingham said he had prior experience killing someone. Johns conceded that his police report did not contain all statements Cookingham made, but testified that Cookingham had used detail

3

to describe raping his wife and physically restraining his children while molesting them. Johns is still fearful that Cookingham may harm his family.

{¶10} Following the trial, Cookingham was found guilty of all counts. The court sentenced him to terms of 180 days in jail for both counts of Aggravated Menacing, 90 days for Resisting Arrest, 30 days for Obstructing Official Business, and 30 days for Disorderly Conduct. All terms were ordered to be served consecutively for a total jail term of 17 months.

{¶11} Cookingham timely appeals and raises the following assignments of error:

{¶12} "[1.] The evidence was insufficient to support the trial court's verdict of 'guilty' as to all six counts, and the defendant-appellant's convictions as to all six counts were against the manifest weight of the evidence.

{¶13} "[2.] Defendant-appellant's trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution."

{¶14} In his first assignment of error, Cookingham argues that his convictions were supported by insufficient evidence and were against the weight of the evidence.

{¶15} In reviewing the sufficiency of the evidence, an appellate court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In essence, sufficiency

4

is a test of adequacy." *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

**{¶16}** In contrast, manifest weight of the evidence "addresses the evidence's effect of inducing belief." *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386-387. "In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *Id.* An appellate court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "Since there must be sufficient evidence to take a case to the jury, it follows that 'a finding that a conviction is supported by the *weight* of the evidence necessarily must include a finding of sufficiency.'" (Citation omitted.) *State v. Arcaro*, 11th Dist. Ashtabula No. 2012-A-0028, 2013-Ohio-1842, ¶ 32.

**{¶17}** In his first assignment of error, Cookingham argues that there was insufficient evidence to support his convictions and that they are against the weight of the evidence.[1]

**{¶18}** As to the two counts of Aggravated Menacing, the State was required to prove, beyond a reasonable doubt, that Cookingham did "knowingly cause another to believe that the offender will cause serious physical harm to the person or property of

---

1. Cookingham initially argues that there was insufficient evidence for all counts except count two (one of two counts of Aggravated Menacing), but he later argues that the State failed to establish the essential elements for count two and the text of his assignment of error states that there was insufficient evidence as to all six counts.

the other person * * * or a member of the other person's immediate family."  R.C. 2903.21(A).

{¶19} There is no merit to Cookingham's claim that the State failed to present sufficient evidence.  Both officers testified that Cookingham made threats of murder and rape to them and their families, with Johns explaining that Cookingham's threats were graphic and detailed, describing restraining and molesting his children and the physical act of raping his wife.  Both men expressed fear and a belief that Cookingham would carry through with his threats.  Johns noted that Cookingham had pointed to his experience of killing a man.  While Cookingham argues that these threats were "falsely alleged" by the officers, that is an issue of credibility.  The trier of fact is in the best position to assess the credibility of witnesses.  *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.  This testimony, when viewed in a light most favorable to the prosecution, supports a finding that there was sufficient evidence to meet these elements.

{¶20} Cookingham claims that he could not have committed the offenses "knowingly" because he was under the influence of drugs.  However, it is a widely-recognized and unquestioned principle of law in Ohio that "[v]oluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense."  R.C. 2901.21(E); *State v. Galloway*, 11th Dist. Lake No. 2013-L-060, 2014-Ohio-1154, ¶ 31.  "'Intoxication' includes, but is not limited to, intoxication resulting from the ingestion of alcohol, a drug, or alcohol and a drug."  R.C. 2901.21(F)(4).

{¶21} Considering the foregoing, the conviction was also not against the weight of the evidence.  The trial court was free to accept the detailed testimony of the officers

that Cookingham made specific threats which they took seriously. Contrary to Cookingham's argument, the lack of video or audio of the incident does not discredit this testimony or otherwise render his conviction unsupported by evidence. Furthermore, while Cookingham argues certain statements were made at trial by Johns that were not in his police report, there are no grounds for this court to presume he was lying. The trier of fact was in the best position to determine witness credibility.

{¶22} As to Resisting Arrest, the State was required to prove that Cookingham "recklessly or by force, * * * resist[ed] or interfere[d] with a lawful arrest of the person or another." R.C. 2921.33(A).

{¶23} These elements were proven by the State and supported by the weight of the evidence. The officers testified that Cookingham was verbally aggressive, took a threatening pose, and they suspected he may have been trying to obtain a weapon. Cookingham refused to cooperate when informed he was being arrested and asked to place his hands behind his back, could not be controlled, flailed, and spun away from the officers. This resistance required him to be taken to the ground to complete the arrest. Aside from alleging that the officers' testimony was false, Cookingham fails to provide any argument as to how this would not constitute Resisting Arrest. We again defer to the fact-finder's determination of credibility.

{¶24} For Obstructing Official Business, the State was required to prove, beyond a reasonable doubt, that Cookingham, "without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity," did "any act that hampers or impedes a public official in the performance of the public official's lawful duties." R.C. 2921.31(A).

7

{¶25} The testimony of the officers established the elements of this charge. Cookingham interfered with the investigation that the officers, public officials, were lawfully conducting, by blowing on the marijuana, scattering it in the gravel driveway. Cookingham fails to point to any specific element that was not proven, arguing only that the substance was never confirmed to be marijuana. He fails to demonstrate how this is relevant. Even if the substance was not marijuana, although both officers testified they believed it was from their experience, he interfered with their duty to investigate a potential crime.

{¶26} In relation to Disorderly Conduct, the State was required to prove that Cookingham did "recklessly cause inconvenience, annoyance, or alarm to another by * * * [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." R.C. 2917.11(A)(1).

{¶27} Cookingham argues that there was no evidence he caused annoyance or alarm. However, the officers testified that he was causing annoyance by acting violently, as well as threatening others, as is thoroughly outlined above. Cookingham contends that it was not disorderly to inquire why the officers were there or to ask them to leave, but neither of these are asserted to provide the basis for his conviction. Rather, his cursing, yelling, aggressive stance, and threats justified the conviction. Further, while Cookingham asserts that there was no evidence that police presence was required at his home, he fails to argue how this is relevant, also ignoring the officers' testimony that they were properly dispatched to the scene based on a call of a disturbance. Cookingham fails to present any valid argument to demonstrate that this conviction was not supported by the evidence.

8

**{¶28}** Finally, in relation to the marijuana charge, Cookingham's brief fails to provide any specific argument as to why this conviction is either unsupported by sufficient evidence or is against the weight of the evidence and we decline to address it. *State v. Parsons*, 2016-Ohio-8109, 74 N.E.3d 945, ¶ 39 (11th Dist.).

**{¶29}** The first assignment of error is without merit.

**{¶30}** In his second assignment of error, Cookingham raises various arguments in support of his contention that trial counsel was ineffective.

**{¶31}** To demonstrate ineffective assistance of counsel, a defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal,* 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington,* 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "On the issue of counsel's ineffectiveness, the petitioner has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62.

**{¶32}** First, Cookingham argues that trial counsel was ineffective by failing to file a jury demand and by failing to advise Cookingham of his right to a jury trial and the consequences of waiving such a trial. Cookingham, however, has pointed to nothing in the record to demonstrate that he and his counsel did not discuss the foregoing. We emphasize that "[e]lecting to present appellant's case before the trial judge rather than a jury is embodied within the reasonable professional judgment standard and cannot be deemed deficient." *State v. Todaro*, 11th Dist. Ashtabula No. 2004-A-0002, 2005-Ohio-3400, ¶ 36; *State v. Soller*, 11th Dist. Ashtabula No. 2015-A-0049, 2016-Ohio-3004, ¶

9

22 ("an attorney's advice to his client to waive a jury trial is a tactical decision"). Given these circumstances, there are no grounds to find counsel ineffective on this basis. *See Todaro* at ¶ 36 (where appellant "has not directed this court's attention to any communications between himself and counsel regarding his desire for a jury trial" and counsel decided to proceed with a bench trial, counsel was not ineffective).

**{¶33}** Next, Cookingham argues that trial counsel was ineffective by failing to make a motion for acquittal pursuant to Crim.R. 29. This court has held "the failure of trial counsel to make a Crim.R. 29 motion does not constitute ineffective assistance of counsel when the state's case-in-chief links the defendant to the crimes of which he or she is accused." (Citation omitted.) *State v. Beesler*, 11th Dist. Ashtabula No. 2002-A-0001, 2003-Ohio-2815, ¶ 17. Moreover, the failure to make such a motion did not result in prejudice to Cookingham. As explained above, since there was more than sufficient evidence to support each and every charge against Cookingham, a motion for acquittal would not have resulted in a different outcome and Cookingham suffered no prejudice.

**{¶34}** Finally, Cookingham argues that trial counsel was ineffective by failing to call witnesses or present evidence on his behalf. As this court has held, "it is within trial counsel's province to decide who will and who will not testify," and "without a showing of prejudice, a failure to call a witness will not constitute ineffective assistance of counsel*."* *State v. Kovacic*, 969 N.E.2d 322, 2012-Ohio-219, ¶ 51 (11th Dist.). Cookingham fails to provide argumentation of what evidence or witnesses could have been utilized by trial counsel, nor can we speculate over whether testimony or additional evidence may have changed the outcome of the trial. *See id.*, citing *State v. Pruiett,* 9th Dist. Summit No. 21889, 2004-Ohio-4321, ¶ 32 ("[s]peculation as to what additional evidence might have revealed is insufficient to succeed on an ineffective assistance of counsel claim").

10

**{¶35}** The second assignment of error is without merit.

**{¶36}** For the foregoing reasons, Cookingham's convictions in the Ashtabula County Court, Western District, are affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.