[Cite as *State v. Swift*, 2022-Ohio-2283.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-A-0005** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the County Court, Eastern District |
| THERSEA R. SWIFT, | Trial Court No. 2021 CRB 00195 E |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: June 30, 2022
Judgment: Affirmed in part, reversed in part, and remanded

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Nicole M. Novotny*, Ashtabula County Public Defender's Office, Inc., 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Thersea R. Swift, appeals from her convictions for Domestic Violence and Endangering Children, following a bench trial in the Ashtabula County Court, Eastern District. For the following reasons, we reverse and vacate Swift's conviction for Endangering Children, affirm her conviction for Domestic Violence, and remand for the trial court to enter sentence accordingly.

{¶2} On May 26, 2021, a complaint was filed in the Ashtabula County Court, Eastern District, charging Swift with Endangering Children, a misdemeanor of the first

degree, in violation of R.C. 2919.22(B)(1) and (E)(2)(a), and Domestic Violence, a misdemeanor of the first degree, in violation of R.C. 2919.25(A).

{¶3} A bench trial was held on September 1, 2021. The following pertinent testimony was presented:

{¶4} On May 25, 2021, T.K., Swift's 14-year-old daughter, was outside of her grandparents' home when Swift accused her of hitting her three-year-old brother, D.G., who had a scratch on his neck. According to T.K., she, Swift, and her brother entered the home, where Swift asked her grandmother about the scratches. D.G. accused T.K. of hitting him, which she denied. Swift began hitting T.K. on the right side of her face, first with an open hand and then with a closed fist. T.K. testified that her grandmother, uncle, and a friend witnessed the attack. T.K.'s face was red and swollen for a couple days and a tooth was broken.

{¶5} Elizabeth Swift, T.K.'s grandmother, was in the kitchen with her friend and son when Swift entered, dragging in D.G. and asking what happened to him. Elizabeth attempted to explain that a dog caused the scratches when D.G. stated that T.K. had hit him, which she believed was untrue. Swift then slapped T.K., pushed her down a step, pinned her on the landing, and punched her in the face multiple times with a closed fist. This resulted in half of her tooth breaking off.

{¶6} John Swift, T.K.'s uncle, observed Swift enter the house and ask about T.K. hitting D.G. John saw Swift slap T.K., push her down steps, and punch her multiple times in the face with a closed fist.

{¶7} Janice Bortles, Elizabeth's friend who lived at the residence, also observed

2

Swift slap T.K., push her against the wall, knock her down, and punch her multiple times with a closed fist. She also saw T.K. had a broken tooth after the incident. She testified that she only mentioned the slapping in her police statement but did not put everything down because she is "not good at writing."

{¶8} The State rested and defense counsel "reserved" moving for acquittal pursuant to Criminal Rule 29 until the defense rested.

{¶9} Thersea Swift testified that she witnessed T.K. hit her brother in the neck and had been kicking and hitting him during that week. After she saw this, she went inside the house with the children. She spoke to T.K. who cursed at her. Swift testified that she tried to "smack [T.K.] in the shoulder, she ducked, I got her face," and admitted that she had been "reckless." Swift's brother and father then came into the kitchen and her father said "we've been planning on taking your kids for a while now. Liz, it's a great opportunity. Call the police. Call them now." Swift denied punching T.K. with a closed fist and was unaware of any injuries caused.

{¶10} The court found Swift guilty of Domestic Violence and Endangering Children. A sentencing hearing was held on January 20, 2022. The court ordered Swift to serve concurrent terms of 180 days in jail on the two offenses with 179 days suspended, and a period of probation of up to five years.

{¶11} Swift timely appeals and raises the following assignment of error:

{¶12} "Where trial counsel's overall performance at trial is deficient as to be ineffective, a reviewing court must evaluate whether trial counsel's defective performance denied Appellant a fair trial based on ineffective assistance of counsel."

Case No. 2022-A-0005

{¶13} As an initial matter, we note that, although not raised by the parties, there is a jurisdictional concern. A reviewing court may "consider a challenge to the court's subject-matter jurisdiction for the first time on appeal, * * * either at the parties' suggestion or sua sponte." *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 27; *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 10 ("[s]ubject-matter jurisdiction cannot be waived and is properly raised" sua sponte on appeal) (citation omitted). "An appellate court may *sua sponte* consider whether the trial court possessed the power to entertain an action, even where the litigants themselves fail to raise the issue." *Burns v. Dailey*, 114 Ohio App.3d 693, 701, 683 N.E.2d 1164 (11th Dist.).

{¶14} Pursuant to R.C. 2151.23(A)(6), "[t]he juvenile court has exclusive original jurisdiction * * * [t]o hear and determine all criminal cases in which an adult is charged with" endangering children in violation of R.C. 2919.22(B)(1), "provided the charge is not included in an indictment that also charges the alleged adult offender with the commission of a felony arising out of the same actions that are the basis of the alleged violation." Here, Swift was charged with two misdemeanors, one of which was Endangering Children under R.C. 2919.22(B)(1), and there was no indictment with a felony charge. Thus, the trial court, a county court, did not have jurisdiction to try Swift on the charge of Endangering Children. Under the same circumstances, this court has found that such a conviction is void and must be vacated. *State v. Bell*, 11th Dist. Portage No. 2020-P-0060, 2021-Ohio-899, ¶ 3 (vacating conviction for child endangering when such conviction was in a municipal court and tried with a misdemeanor assault charge). *See*

4

*also State v. Taylor*, 2d Dist. Montgomery No. 27731, 2018-Ohio-4048, ¶ 21; *State v. Reynolds*, 12th Dist. Warren No. CA2019-08-077, 2020-Ohio-4354, ¶ 5-6.  Upon this court's request for supplemental briefing, the State conceded that the Endangering Children conviction must be vacated.

**{¶15}** As such, we find Swift's conviction for Endangering Children is void and vacate that conviction.  We will consider the merits of the assigned error as they relate to the Domestic Violence conviction.

**{¶16}** In order to convict Swift of Domestic Violence, the State was required to prove, beyond a reasonable doubt, that she did "knowingly cause or attempt to cause physical harm to a family or household member."  R.C. 2919.25(A).

**{¶17}** Swift argues that defense counsel did not effectively represent her, pointing to his failure to object to questions relating to her criminal record and that she was "prejudiced because evidence of other bad acts was presented which affected the value of the evidence presented."  She also contends that counsel was ineffective by failing to move for acquittal and that there was a lack of a trial strategy.

**{¶18}** To demonstrate ineffective assistance of counsel, a defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding."  *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists

Case No. 2022-A-0005

a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. "There is a strong presumption that the attorney's performance was reasonable." *State v. Gotel*, 11th Dist. Lake No. 2006-L-015, 2007-Ohio-888, ¶ 10.

{¶19} Swift first argues that counsel was ineffective by failing to object to questioning as to whether she had been previously charged with Domestic Violence.

{¶20} In the present matter, during Swift's cross-examination by the State, the prosecutor inquired: "Have you ever been charged with domestic violence before?" to which Swift responded in the negative. The prosecutor then asked "nothing in 2011?" to which Swift responded: "That was a disorderly conduct."

{¶21} Under Evid.R. 404(B), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove" a defendant's character as to criminal propensity but is admissible for other purposes, including proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Here, the questions asked were intended to elicit testimony that Swift had been charged with prior crimes and none of the exceptions for admissibility appear to be applicable.

{¶22} The State contends that the questions about the prior charges were asked to impeach the truthfulness of Swift's statement on direct examination that nothing like this incident had occurred before. Pursuant to Evid.R. 609(B), the trial court has discretion, taking into consideration various factors, to determine the admissibility of prior convictions for impeachment purposes in relation to convictions for crimes "punishable by

6

* * * imprisonment in excess of one year." *State v. Neiss-Parsons*, 11th Dist. Geauga No. 2020-G-0253, 2021-Ohio-897, ¶ 28; Evid.R. 609(A)(2). Here, it appears that the charges about which the state inquired were misdemeanors. This court has noted that Evid.R. 608 allows the use of a misdemeanor conviction to impeach the accused "in certain circumstances." *State v. Peppeard*, 11th Dist. Portage No. 2008-P-0058, 2009-Ohio-1648, ¶ 50. While the inquiry here related to charges rather than convictions, under Evid.R. 608, specific instances of conduct may be inquired about in cross-examination relating to the witness' character for truthfulness at the court's discretion. Under the present circumstances, it is difficult to say whether the trial court would have "likely * * * overruled" an objection to questions about past criminal charges, as the State contends.

{¶23} Regardless, even presuming reasonable counsel would have objected under these circumstances, the element of prejudice has not been demonstrated by Swift. Initially, we emphasize it is presumed that, in a bench trial in a criminal matter, the court will consider only the relevant, competent, material, and admissible evidence "unless it affirmatively appears to the contrary." (Citation omitted.) *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 132; *Peppeard* at ¶ 45. We find no affirmative demonstration that the court relied upon any past convictions or charges in reaching its verdict. The court stated its reasons for the verdict on the record and did not mention this issue in relation to witness credibility but instead emphasized that Swift's testimony was inconsistent with the other witnesses.

{¶24} Further, even where evidence of prior bad acts is improperly admitted, it does not warrant reversal where no prejudice has been suffered. Improperly admitted

evidence is harmless and lacks prejudice "if 'the remaining evidence alone comprises "overwhelming" proof of defendant's guilt.'" *State v. Barker*, 11th Dist. Portage No. 2013-P-0084, 2014-Ohio-4131, ¶ 94, citing *State v. Williams*, 6 Ohio St.3d 281, 290, 452 N.E.2d 1323 (1983) (citation omitted). We find that "the strength of the remaining evidence as to the offenses * * * negated the risk of prejudice." *State v. Zachery*, 11th Dist. Trumbull No. 2019-T-0082, 2021-Ohio-2176, ¶ 37. Four witnesses testified for the State, each providing testimony that Swift punched T.K. in the face multiple times. Their testimony was consistent in describing the timeline of events, how the assault occurred, and the harm caused to T.K. The only contrary evidence was Swift's testimony, in which she admitted to hitting T.K. although she denied that it was with a closed fist.

**{¶25}** Swift also argues that trial counsel was ineffective by failing to move for acquittal under Crim.R. 29 at the close of the State's case.

**{¶26}** Courts have held "the failure of trial counsel to make a Crim.R. 29 motion does not constitute ineffective assistance of counsel when the state's case-in-chief links the defendant to the crimes of which he or she is accused." (Citation omitted.) *State v. Beesler*, 11th Dist. Ashtabula No. 2002-A-0001, 2003-Ohio-2815, ¶ 17; *State v. Cookingham*, 11th Dist. Ashtabula No. 2017-A-0023, 2017-Ohio-8362, ¶ 33. *See also State v. Scott*, 6th Dist. Sandusky No. S-02-026, 2003-Ohio-2797, ¶ 21 ("[w]hile it is customary for defense counsel to make a motion for acquittal as a matter of course to test the sufficiency of the state's evidence, the failure to follow that course of action did not mean the performance of appellant's trial counsel fell below a reasonable standard of representation") (citation omitted).

8

**{¶27}** In the present matter, at the time the State rested, it had presented the testimony of several witnesses, all giving consistent versions of the events that established Swift repeatedly punched her daughter in the face with a closed fist and caused her physical harm. There was evidence supporting each element of the crime and Swift has failed to identify how it was deficient not to move for acquittal in these circumstances. Given the extensive amount of testimony presented to establish the commission of the crime at the conclusion of the State's case, counsel could reasonably recognize that such motion "would have been denied because the state presented adequate evidence to sustain the verdict." *Beesler* at ¶ 19; *Cookingham* at ¶ 33 ("since there was more than sufficient evidence to support each and every charge against Cookingham, a motion for acquittal would not have resulted in a different outcome and Cookingham suffered no prejudice"). It is worth emphasizing that, after Swift offered her contrary version of events, counsel then did move for acquittal.

**{¶28}** Finally, Swift argues that counsel was ineffective for the failure to have a clear trial strategy and to incorporate the defense of reasonable parental discipline throughout the case.

**{¶29}** "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995).

9

{¶30} In arguing for the Crim.R. 29 motion, defense counsel observed that reasonable parental discipline is a defense to Domestic Violence. "Proper and reasonable discipline," defined as "suitable or appropriate" and "not extreme," is an affirmative defense in relation to a conviction for actions taken to discipline a child. *Niles v. Cadwallader*, 11th Dist. Trumbull No. 2003-T-0137, 2004-Ohio-6336, ¶ 22. In support, he argued that an open-handed slap to the face would be reasonable discipline. This tied together the testimony presented in relation to the potential defense. It is unclear what additional steps Swift believes counsel should have taken in relation to this issue. Defense counsel also took other actions to present Swift's defense, including pointing out inconsistencies in witness testimony, such as Bortles' failure to report conduct beyond a slap in her police statement. He asked questions emphasizing the lack of photographs of injuries. He elicited testimony from Swift to demonstrate potential witness bias due to a custody dispute. His defense of Swift was within the scope of reasonable representation and we find no reason to second-guess his strategy.

{¶31} Further, even presuming counsel should have attempted to emphasize reasonable parental discipline more strongly, Swift fails to demonstrate prejudice. Four separate witnesses testified that she punched her daughter in the face multiple times, which would not be reasonable parental discipline. As observed above, the evidence demonstrated overwhelmingly that Swift's conduct was beyond a slap.

{¶32} Finally, Swift argues that the "cumulative errors" made by counsel warrant reversal. As noted above, we do not find multiple errors committed by defense counsel. Further, even if we agreed that counsel's performance was deficient, this did not impact

10

the outcome of the proceedings and thus do not warrant reversal. *State v. Messenger*, 2021-Ohio-2044, 174 N.E.3d 425, ¶ 77 (10th Dist.) ("because [defendant] is unable to demonstrate the requisite prejudice under the second prong of *Strickland*, the cumulative effect of the alleged errors did not deprive him of a fair trial"); *State v. Johnson*, 11th Dist. Ashtabula No. 2009-A-0050, 2010-Ohio-3046, ¶ 38.

{¶33} The sole assignment of error is without merit.

{¶34} For the foregoing reasons, Swift's conviction for Domestic Violence is affirmed, her conviction for Endangering Children is reversed, and this matter is remanded for the trial court to enter sentence accordingly. Costs to be taxed against the parties equally.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.

concur.

11

Case No. 2022-A-0005