OPINION
{¶ 1} Defendant-appellant Thomas Hill appeals from his conviction and sentence for Assault. He contends that his conviction is against the manifest weight of the evidence. We conclude that there is evidence in the record that would warrant a reasonable finder of fact in finding that Hill punched his victim, Michael Edmondson, in the stomach, causing physical harm. We conclude that the finder of fact, the acting trial judge, did not lose his way in reaching this finding. This finding supports a conviction for Assault. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} At about 2:30 in the morning, in late May, 2004, Michael Edmondson was attempting, on behalf of his employer, Premier Recovery Concepts, to repossess a car owned by Hill. Accompanying Edmondson was his girlfriend, Amy Crihfield. Hill came upon Edmondson, and an altercation ensued. Edmondson testified that Hill punched him "into the gut" during the altercation. After Hill had established control of the car, he backed it up slightly, in order to get around Edmondson's tow truck, which was blocking him. As Hill backed up, he rolled his car over Edmondson's foot. Edmondson did not go to the hospital or see a doctor, but refused treatment.
 {¶ 3} Hill was charged with Assault, in violation of R.C. 2903.13(A). Following a bench trial, Hill was convicted, and sentenced accordingly. From his conviction and sentence, Hill appeals.
 II {¶ 4} Hill's sole assignment of error is as follows:
 {¶ 5} "Whether the trial court erred in entering a guilty verdict when said conviction was against the manifest weight of the evidence."
 {¶ 6} In reviewing a contention that a judgment is against the manifest weight of the evidence, the appellate court, "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Hufnagel
(September 6, 1996), Montgomery App. No. 15563, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175.
 {¶ 7} R.C. 2903.13(A), which proscribes the offense of Assault, of which Hill was convicted, provides as follows:
 {¶ 8} "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."
 {¶ 9} Hill discusses the culpability requirement of "knowingly" in his brief. Although he does not expressly argue the point, the implication may be that a reasonable finder of fact could not find, on this record, that in backing up his car Hill knowingly caused injury to Edmondson's foot. We need not address this issue, because Hill's conviction can rest independently upon his having allegedly punched Edmondson "into the gut," which a reasonable finder of fact could find to have been an act whereby Hill would have been aware that his conduct would probably cause injury, satisfying the culpability state of knowingly set forth in R.C. 2901.22(B):
 {¶ 10} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. * * *"
 {¶ 11} With respect to the punch, Hill first argues that Edmondson's testimony, corroborated, at least in part, by Crihfield, is not worthy of belief. In this regard, we have previously held that "a decision by a factfinder as to which testimony to credit, and to what extent, is a decision that is entitled to greater deference than the decision as to how much logical force to assign an inference suggested by that evidence [the situation in State v. Thompkins (1997), 78 Ohio St.3d 380]." Statev. Lawson (August 22, 1997), Montgomery App. No. 16288. Hill points to a discrepancy between the statement Edmondson gave to police at the time of the incident, which was that he was punched in the stomach as Hill was struggling to eject him from the car, and Edmondson's trial testimony, which was that he was punched as he stood outside the car door. Although this is the kind of detail that can, and should, be argued to the finder of fact with respect to assessing a witness's credibility, we are not prepared to say that the acting trial judge lost his way when he decided to credit Edmondson's trial testimony despite this discrepancy. Either way, Edmondson claimed that Hill punched him in the stomach.
 {¶ 12} Hill next attacks the credibility of Crihfield, who also testified that Hill struck Edmondson. Hill points out that Crihfield testified that Edmondson never said anything about having been struck, but this may have been because Edmondson was more concerned with his foot after Hill rolled his car over it. Hill also points to Crihfield's testimony that Edmondson did not suffer any injury to his stomach, or "gut." But this was merely Crihfield's conclusion. The extent of Edmondson's injury is addressed below.
 {¶ 13} We conclude that the trial judge did not lose his way when he decided to credit Edmondson's testimony, corroborated by Crihfield's testimony, that Hill punched him in the stomach. In our view, the trial judge's decision to credit their testimony has not resulted in a manifest miscarriage of justice.
 {¶ 14} Hill next contends that the punch to Edmondson's stomach, assuming it occurred, did not satisfy the test of "serious physical harm to persons" set forth in R.C. 2901.01(A)(5), which is as follows:
 {¶ 15} "(5) `Serious physical harm to persons' means any of the following:
 {¶ 16} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 17} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 18} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 19} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement; [or]
 {¶ 20} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 21} The problem with this argument is that "serious physical harm" is not an element of Assault; Assault merely requires "physical harm," which is defined in R.C. 2901.01(A)(3), as follows:
 {¶ 22} "`Physical harm to persons' means any injury, illness or other physiological impairment, regardless of its gravity or duration."
 {¶ 23} Edmondson testified concerning Hill's having punched him as follows:
 {¶ 24} "Q. And what, if anything, does Mr. Hill do?
 {¶ 25} "A. He just come up and like gave me a punch into the gut.
 {¶ 26} "Q. Okay. And was this a push with his hands or did he ball up his fist and hit you?
 {¶ 27} "A. A balled up fist.
 {¶ 28} "Q. Did it hurt?
 {¶ 29} "A. Yes.
 {¶ 30} "Q. What did you do in response physically?
 {¶ 31} "A. It kind of knocked the air out of me a little bit.
 {¶ 32} "Q. You didn't put your hands back on Mr. Hill?
 {¶ 33} "No."
 {¶ 34} Because "serious physical harm," as defined in R.C.2901.01(A)(5)(e), incorporates the concept of an injury that causes pain and suffering, only, albeit acute, prolonged or intractable pain, and because "physical harm," as defined in R.C. 2901.01(A)(3), includes any injury, "regardless of its gravity or duration," we conclude that a pain-inducing blow is sufficient to satisfy the "physical harm" element of Assault. Edmondson testified that the "punch into his gut" hurt. Although we are not prepared to hold that any discomfort, however trivial, will satisfy the "physical harm" element of Assault, we are satisfied that upon this record, the finder of fact could reasonably conclude that the punch to Edmondson's "gut" was sufficiently painful to satisfy the "physical harm" element.
 {¶ 35} In short, we conclude that Hill's conviction is not against the manifest weight of the evidence. His sole assignment of error is overruled.
 III {¶ 36} Hill's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Wolff, and Grady, JJ., concur.