JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Eugene Lemmons, appeals from his conviction for assault. He argues that the evidence was insufficient and his conviction contravened the manifest weight of the evidence. We affirm.
 {¶ 2} Appellant was charged with two counts of felonious assault and two counts of aggravated robbery in an indictment filed January 22, 2008. The case proceeded to trial on March 18, 2008. Before trial began, the court dismissed the two aggravated robbery charges on the state's motion.
 {¶ 3} At trial, the jury first heard the testimony of the victim, Robert Moore. Moore testified that he and his girlfriend, Angel Artale, lived next door to the appellant in an apartment building in East Cleveland, Ohio. On June 25, 2007, he took a video cassette to appellant to sell to him. Appellant told him to come back for the money the following day. Moore did, and appellant told him to come back again. The next day, June 27, 2007, Moore went back to appellant's door. Appellant grabbed a crowbar and struck Moore's right jaw with the curved end of the bar, also scraping Moore's chest. Moore grabbed the crowbar. He was then hit in the back of the head. He recognized the voice of the man behind him as "Too Tall."
 {¶ 4} Artale called the police. Appellant went back inside his apartment. The police came and offered to take Moore to the hospital, but he refused. The *Page 4 
following morning, his jaw was swollen. He went to the hospital and learned that his jaw was fractured. He also suffered a cut on his face.
 {¶ 5} Angel Artale testified that she was in the kitchen of her apartment when she heard a commotion outside. She went out and saw appellant and Moore "tussling over a crowbar." She went back inside and called the police. Moore and appellant each went back inside their apartments. When the police officers arrived, they told Artale and Moore that they would need to make a complaint at the police station.
 {¶ 6} Detective Ken Bolton of the East Cleveland Police Department testified that he was working as a patrolman on June 27, 2007 and responded to Artale's call because he was in the area, although two other police officers were dispatched there.
 {¶ 7} The court overruled appellant's motion for a judgment of acquittal. Appellant then rested and renewed his motion for acquittal, which the court again overruled. The court instructed the jury on felonious assault in violation of R.C. 2903.11(A)(1) and (2) and the lesser included offenses of assault in violation of R.C. 2903.13(A). The jury returned a verdict finding appellant not guilty of either count of felonious assault, but guilty of one count of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. The court sentenced appellant to four months in county jail, ordered him to have no contact with Moore or his family, referred him to the Community Reentry Program, and *Page 5 
assessed court costs against him.
 {¶ 8} In his sole assignment of error, appellant challenges both the weight and the sufficiency of the evidence against him. Appellant was found guilty of assault in violation of R.C. 2903.13(A). R.C. 2903.13(A) provides, in pertinent part, that "[n]o person shall knowingly cause or attempt to cause physical harm to another." There was evidence that appellant struck Moore with a crowbar. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result." R.C. 2901.22(B). A reasonable fact-finder could determine that appellant was aware that striking Moore in the face would probably cause physical harm to Moore. See, e.g.,State v. Hill, Montgomery App. No. 20678, 2005-Ohio-3701, ¶ 9. There was substantial evidence which, if believed, would convince the average mind of the appellant's guilt beyond a reasonable doubt. See State v.Jenks (1991), 61 Ohio St.3d 259, 263. Therefore, we find the evidence was sufficient.
 {¶ 9} In assessing the weight of the evidence, this court must consider the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and "determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. While appellant challenges Moore's credibility on general grounds, his testimony was corroborated by Artale and by *Page 6 
medical records of Moore's injuries. The fact that Moore did not file a police report immediately was explained on the record. Detective Bolton confirmed that Moore and Artale were instructed to go to the police station to make out a report. The jury did not clearly lose its way or create a manifest miscarriage of justice. Therefore, appellant has not demonstrated that his conviction contravenes the manifest weight of the evidence.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR. *Page 1