[Cite as *State v. Myles*, 2013-Ohio-1821.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25160 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. |
| | | 2011-CRB-1700 |
| v. | : | |
| | : | |
| ROBIN E. MYLES | : | (Criminal Appeal from Montgomery |
| | : | County Municipal Court- |
| Defendant-Appellant | : | Western Division) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of May, 2013.

. . . . . . . . . . .

RAYMOND J. DUNDES, City of Trotwood Prosecutor's Office, 195 South Clayton Road,
New Lebanon, Ohio 45345
        Attorney for Plaintiff-Appellee

DWIGHT D. BRANNON, Atty. Reg. #0021656, Atty. Reg. #0021657, and MATTHEW C.
SCHULTZ, Atty. Reg. #0080142, Brannon & Associates, 130 West Second street, Suite 900,
Dayton, Ohio 45402
        Attorneys for Defendant-Appellant

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1} Defendant-appellant Robin Myles appeals from her conviction for Domestic Violence. Myles contends that the conviction is not supported by sufficient evidence, that it is against the manifest weight of the evidence, and that she received ineffective assistance of counsel.

{¶ 2} The unrebutted testimony of the victim and one witness was that Myles hit the victim in the head, during a struggle for the possession of a phone that had been used to call 911. This evidence permitted a reasonable finder of fact to find, beyond reasonable doubt, that Myles intended, at least, to cause physical harm to the victim.

{¶ 3} Trial counsel's failure to argue the defense of self-defense did not constitute ineffective assistance of counsel. The evidence in the record would not permit a reasonable finder of fact to find, by a preponderance, that Myles had a reasonable and honest belief that the use of force against the victim was necessary to protect her from physical harm. Although Myles contends that she had a reasonable and honest belief that her use of force was necessary to keep, or to regain, possession of the phone, that does not satisfy the necessary-to-protect-her-from-physical-harm element of the defense.

{¶ 4} Finally, the record in this direct appeal from Myles's conviction does not support her contention that her trial counsel was ineffective for having failed to request a jury trial, or for having failed to advise her of her right to a jury trial.

{¶ 5} The judgment of the trial court is Affirmed.

## I. Myles Hits Her Husband in the Head, and Is Charged with Domestic Violence

{¶ 6}   Myles and Fernando Mason were married in 2010.   One child was born of the relationship, prior to the marriage.   The child, who was premature, was born with significant disabilities and requires in-home nursing care.   Mason filed a complaint for divorce in August 2011.   Both parties continued to live in the marital residence.

{¶ 7}   On October 16, 2011, Mason and Myles got into an argument over an error made by the in-home nurse with regard to their child's feeding tube.   Mason called 911, but hung up the telephone before speaking to anyone.   When the 911 operator called back, Myles answered the telephone.   Mason attempted to take the telephone from Myles, at which point she struck him on the head.[1]

{¶ 8}   Myles was charged with one count of Domestic Violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree.   Following a bench trial, Myles was convicted as charged, and was sentenced to 32 days in jail, with 30 days suspended and credit for two days served.   She was also fined $200, with $100 suspended.   From her conviction and sentence, Myles appeals.

## II. The Evidence in the Record Supports a Reasonable Inference that Myles Attempted, at Least, to Cause Physical Harm to the Victim

{¶ 9}   Myles asserts the following for her First and Second Assignments of Error:

THE CONVICTION OF APPELLANT FOR DOMESTIC VIOLENCE

---

[1]   While the police report in the record indicates that Myles hit Mason with her fist, it is not clear from the trial testimony whether she used her fist.

WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

THE CONVICTION OF APPELLANT FOR DOMESTIC VIOLENCE

WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 10} Myles contends that her conviction is not supported by the evidence. Specifically, she argues that the evidence establishes that she was acting in self-defense. She further argues that she struck Mason "lightly," causing no damage.

{¶ 11} A challenge to a conviction based on the sufficiency of the evidence questions whether the State presented adequate evidence on each element of the offense to sustain the verdict as a matter of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1999). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 12} The offense of Domestic Violence is proscribed by R.C. 2919.25(A), which states, in relevant part, that "no person shall knowingly cause or attempt to cause physical harm to a family or household member." " 'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 13} Both Mason and the nurse testified that Mason and Myles began to argue when

Myles became upset because the nurse made a mistake with their child's feeding tube. Mason called 911, but decided to hang up. When the dispatcher called back, Myles answered the telephone. Mason attempted to take the phone from Myles, because he heard the dispatcher speaking. The parties struggled for a moment over control of the telephone. During the struggle, Myles hit Mason. There is no evidence that Mason did anything other than grab the phone. Specifically, there is no evidence that he hit, pushed, pulled, or otherwise touched Myles.

{¶ 14} Myles argues that when she hit Mason, she was acting in self-defense, because he was using force to take the telephone away from her. She further contends that Mason was violating R.C. 2909.04(A), by trying to take the telephone away from her, which justified her use of force against him.

{¶ 15} Myles did not raise the defense of self-defense at trial, and cannot do so for the first time on appeal. Furthermore, Mason was not charged with Disruption of Public Services, and we will not comment on whether his actions constitute a violation of R.C. 2909.04. Even if they did, a defense of self-defense involving the use of nondeadly force requires proof that: (1) the defendant was not at fault in creating the situation giving rise to the altercation; and (2) that the defendant had reasonable grounds to believe and an honest belief, even though mistaken, that the defendant was in imminent danger of bodily harm and the only means of protecting himself or herself from that danger was by the use of force not likely to cause death or great bodily harm. *State v. Evans*, 8th Dist. Cuyahoga No. 96229, 2011-Ohio-5267, ¶ 23; *State v. Fritz*, 163 Ohio App.3d 276, 2005-Ohio-4736, 837 N.E.2d 823 (2d Dist.), ¶ 20. Myles offered no proof that she had reasonable grounds to believe, or did believe, that she was in imminent danger of bodily

harm when she hit Mason.

{¶ 16}   Myles also argues that the evidence in this record is insufficient to persuade an average mind, beyond reasonable doubt, that her contact with Mason caused physical harm, or constituted an attempt to cause physical harm, as "physical harm" is defined in R.C. 2901.01(A)(3).

{¶ 17}   Mason testified that Myles hit him:

A.   And I tried to get [the phone] away from her and she tried to turn. She turned and she tried to run away from me with the phone.   When she did that, I just pulled it away from her as she was going away, and when I got the phone out of her hand, she turned around and just hit me.

* * *

A.   So I now have the phone.   She turns around and hits me.

* * *

A.   When I pulled the phone from her hand, that's when she hit me.   She never got the phone back.

* * *

A.   She turns around and hits me.

{¶ 18}   Heather Webb, the nurse, also testified that Myles hit Mason:

A.   He got his hand on the phone.   I believe it was his right hand.   And she at that point had one hand on the phone as well.   And she's turned around like this way and the other hand that she had that was not on the phone hit him in the face.

\* \* \*

A. Big glob of – it's really hard to describe. He was standing there still – he was still facing the same way. I could just see her hand going and I see his face moving.

Q. As they're both turning?

A. Yeah.

Q. Okay. I'm sorry. Go on.

A. I was going to say and he stumbled back and slightly hit – I guess you'd call it like – it's like a thump of some sort.

{¶ 19} There is no other testimony describing the contact when Myles hit Mason.

{¶ 20} In affirming a conviction for Assault, we have previously held that "a pain-inducing blow is sufficient to satisfy the 'physical harm' element of Assault." *State v. Hill*, 2d Dist. Montgomery No. 20678, 2005-Ohio-3701, ¶ 34. Significantly, we then said:

Although we are not prepared to hold that any discomfort, however trivial, will satisfy the "physical harm" element of Assault, we are satisfied that upon this record, the finder of fact could reasonably conclude that the punch to [the victim's] "gut" was sufficiently painful to satisfy the "physical harm" element. *Id.*

{¶ 21} In *Hill*, the victim testified that the "punch into the gut," *id.* at ¶ 25, "kind of knocked the air out of me a little bit." *Id.* at ¶ 31. Finally, the victim answered "yes" to the question "did it hurt?" Id., at ¶ 28-29.

{¶ 22} Although the issue is close, we conclude that the evidence that Myles hit Mason in the head, during the altercation, permits a reasonable mind to conclude, beyond reasonable doubt, that she was at least attempting to land a blow to Mason's head that would cause pain comparable to the punch in the gut in *Hill*.

This is sufficient for the attempt-to-cause-physical-harm element of Assault.

{¶ 23}   The testimony of Mason and Webb was not inherently incredible, and was not rebutted.   We conclude, therefore, that the finder of fact did not lose its way, and that the judgment of conviction is not against the manifest weight of the evidence.

{¶ 24}   Myles's First and Second assignments of error are overruled.

### III.   Myles's Trial Counsel Was Not Ineffective for Having Failed to Argue Self-Defense; Nor Does the Record Reflect that Trial Counsel Was Ineffective for Having Failed to Request a Jury Trial

{¶ 25}   Myles's Third Assignment of Error states as follows:

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A JURY TRIAL AND FOR FAILING TO ARGUE SELF-DEFENSE AT TRIAL.

{¶ 26}   As discussed in Part II, above, the evidence in the record does not support a defense of self-defense, since there is no evidence that Myles either was, or had a reasonable and honest belief that she was, in imminent danger of bodily harm and the only means of protecting himself or herself from that danger was by the use of force.   Myles seems to believe that the defense of self-defense would have encompassed a reasonable and honest belief that the only means of protecting her possession of the phone was by the use of force.   The definition of self-defense requires a reasonable and honest belief that the use of force is the only means of protecting the actor from physical harm, not from loss of possession of an object.   *State v. Fritz, supra*.

{¶ 27}   Consequently, trial counsel was not ineffective for having failed to argue

self-defense.

{¶ 28}   Finally, Myles contends that her trial counsel was ineffective for having failed to request a jury trial.   She acknowledges decisions of this court holding that the decision whether to request a jury is a matter of trial strategy.   *E.g., Person v. Rion*, 2d Dist. Montgomery No. 23498, 2010-Ohio-1793, ¶ 28; and *City of Beavercreek v. Levalley*, 2d Dist. Greene No. 06-CA-51, 2007-Ohio-2105, ¶ 19.

{¶ 29}   Myles argues that these cases are distinguishable because she filed a motion in the trial court, almost four months after the filing of her notice of this appeal, raising the issue that she did not receive a jury trial.   She argues that: "Thus, the record in the trial court reflects Ms. Myles' objection to her appointed counsel's failure to request a jury trial.   As Ms. Myles pointed out in her motion, she was not timely advised of her right to a jury trial."

{¶ 30}   This direct appeal of Myles's conviction must be decided based upon the record in the trial court.   That record was complete when Myles took this appeal.   She cannot predicate her ground for relief on direct appeal based upon a record made in the trial court after this appeal was taken.

{¶ 31}   Without prejudice to any claim that Myles may make in the trial court, by means of a petition for post-conviction relief, or otherwise, based on the failure of counsel to request a jury trial, or to have advised her of her right to a jury trial, we conclude that the record in this appeal does not support her contention that trial counsel was ineffective for having failed to request a jury trial.

{¶ 32}   Myles's Third Assignment of Error is overruled.

## IV. Conclusion

{¶ 33}   All of Myles's assignments of error having been overruled, the judgment of the trial court is Affirmed.

{¶ 34}                                        . . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.


Copies mailed to:

Raymond J. Dundes
Dwight D. Brannon
Matthew C. Schultz
Hon. James L. Manning