[Cite as *State v. Taylor*, 2018-Ohio-4048.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27731 |
| | : | |
| v. | : | Trial Court Case No. 2017-CRB-36 |
| | : | |
| LAKISHA R. TAYLOR | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of October, 2018.

. . . . . . . . . . .

NOLAN C. THOMAS, Atty. Reg. No. 0078255, Prosecuting Attorney, City of Kettering, 2325 Wilmington Pike, Kettering, Ohio 45420
      Attorney for Plaintiff-Appellee

JAMES S. ARMSTRONG, Atty. Reg. No. 0020638, P.O. Box 20368, Dayton, Ohio 45420
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Lakisha R. Taylor, appeared before the Kettering Municipal Court on June 7, 2017, for a bench trial on charges of assault, a first degree misdemeanor pursuant to R.C. 2903.13(A) and (C)(1), and endangering a child, a first degree misdemeanor pursuant to R.C. 2919.22(B)(1) and (E)(2)(a). Presenting two assignments of error, Taylor argues that the trial court found her guilty of assault contrary to the manifest weight of the evidence; that the State did not introduce sufficient evidence to prove that she committed assault; and that the trial court lacked subject-matter jurisdiction to adjudicate the charge of endangering a child, on which the court entered a verdict of not guilty. Because we find that the evidence presented to the trial court warranted the verdict on the charge of assault, Taylor's conviction is affirmed. We further find, however, that the trial court lacked subject-matter jurisdiction over the charge of endangering a child; therefore, we vacate the judgment that found Taylor guilty of endangering a child.

## I. Facts and Procedural History

{¶ 2} In December 2016, Taylor was the owner and operator of a day care facility called "Green Apples Academy," which was located in Washington Township. Trial Tr. 78:6-78:20 and 94:6-94:16. Among the children receiving day care at the facility were R.F., who was nearly four years old, and his younger sister, K.F. Id. at 7:20-9:1 and 79:13-80:4.

{¶ 3} On December 2, 2016, R.F. spit at another child in the facility, apparently not for the first time. See id. at 18:11-18:20 and 81:2-84:12. Taylor testified that she decided to deter R.F. from spitting at others by threatening to compel him to eat Sriracha

sauce, a red or reddish-colored, spicy condiment made with chili peppers. *Id.* at 29:5, 80:5-82:8; *see, e.g., Sriracha sauce*, https://en.wikipedia.org/wiki/Sriracha_sauce (accessed Oct. 2, 2018). By Taylor's account, she intended merely to frighten R.F. with the prospect that the sauce would "burn [his] mouth," rather than actually force him to eat any, but when she approached him with a bottle in hand, R.F. grabbed the bottle and squeezed it, which dislodged the top and caused some of the sauce to spill onto him. Trial Tr. 85:10-87:12 and 96:18-102:18. Although Taylor claimed that she and R.F.'s mother had discussed her intention to use the sauce, R.F.'s mother denied that such a discussion occurred. *Id.* at 9:17-11:19, 19:13-21:8 and 80:20-82:8.

{¶ 4} When R.F.'s mother retrieved him and his sister later that day, she noticed that R.F.'s shirt "was covered in red." *Id.* at 9:21-10:10. The next morning, R.F.'s mother dropped off his sister at the facility, but not R.F., and proceeded to the Washington Township substation of the Montgomery County Sheriff's Office to make a statement. *Id.* at 13:12-14:4. A deputy then interviewed Taylor at the facility. *Id.* at 27:16-28:3. The deputy testified that Taylor initially told him that she had put some of the sauce directly into R.F.'s mouth, or at least onto his lips; Taylor testified that the officer lied. *Id.* at 28:4-29:1 and 104:1-104:12.

{¶ 5} On December 7, 2016, R.F. met with a licensed social worker at Dayton Children's Hospital. *Id.* at 71:2-73:21. R.F. told the social worker that Taylor had poured hot sauce into his mouth, causing a burning sensation.[1] *See id.* at 74:4-76:2 and Ex. 10. Two days afterward, R.F. returned to Dayton Children's Hospital to be examined

---

[1] R.F. also indicated that some of the sauce came into contact with his eyes. *See* Trial Tr., Ex. 10.

by a pediatric nurse practitioner. *Id.* at 40:13-42:14. R.F. told the nurse that Taylor had "hurt his lip" by putting hot sauce in his mouth. *Id.* at 42:21-44:1. The nurse did not find signs of physical injury directly traceable to the incident, though she added that she would not have expected to find signs of an injury caused by hot sauce after one week's time. *See id.* at 44:2-44:13 and 51:21-52:2.

{¶ 6} Taylor was charged with endangering a child in violation of R.C. 2919.22(B)(1) and assault in violation of R.C. 2903.13(A). Her case was tried to the bench on June 7, 2017. On June 26, 2017, the trial court entered its "Decision and Judgment Entry," in which it found Taylor guilty as charged but determined "that the [c]hild [e]ndangering offense should be * * * merged into the conviction for [a]ssault." Decision & Judgment Entry 6, June 26, 2017.

{¶ 7} In advance of her sentencing hearing, Taylor filed a memorandum on July 28, 2017, in which she argued that the trial court lacked subject-matter jurisdiction to adjudicate the charge of endangering a child, and in a reply filed on August 1, 2017, the State conceded the point, requesting that the trial court dismiss the charge. Instead, at Taylor's sentencing hearing on August 21, 2017, the trial court amended its verdict on the charge to not guilty and sentenced Taylor to a suspended sentence of 180 days in the Montgomery County Jail on the charge of assault. Taylor timely filed her notice of appeal to this court on September 12, 2017.

## II. Analysis

{¶ 8} For her first assignment of error, Taylor contends that:

APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[,] AND THE EVIDENCE WAS

INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION[.]

{¶ 9} Taylor challenges her conviction for assault as contrary to the manifest weight of the evidence, and in the alternative, as not supported by sufficient evidence. *See* Appellant's Br. 2. Specifically, Taylor argues that the evidence did not establish either that she knowingly caused (or attempted to cause) physical harm to R.F., or that R.F. actually suffered physical harm. *See id.* at 2-6. In addition, she faults the trial court for "fail[ing] to address the [affirmative] defense of parental discipline" in its "Decision and Judgment Entry" of June 26, 2017. *See id.* at 6-9.

{¶ 10} Sufficiency of the evidence "is the legal standard applied to determine whether * * * the evidence [in a given case] is [adequate] as a matter of law to support the * * * verdict." *See State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). On review of a challenge to a conviction based upon the sufficiency of the evidence, the " 'relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 11} By contrast, in a challenge based on the weight of the evidence, an "appellate court acts as a 'thirteenth juror.' " *State v. Jackson*, 2015-Ohio-5490, 63 N.E.3d 410, ¶ 49 (2d Dist.), quoting *Thompkins* at 387. Accordingly, the appellate court must review the record; weigh the evidence and all reasonable inferences; consider the credibility of witnesses; and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice warranting a new

trial.  *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); *see also State v. Hill*, 2d Dist. Montgomery No. 25172, 2013-Ohio-717, ¶ 8.  A trial court's "judgment should be reversed as being against the manifest weight of the evidence 'only in the exceptional case in which the evidence weighs heavily against the conviction.' "  *Hill* at ¶ 8, quoting *Martin* at 175.

{¶ 12} Although the appellate court "must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses," the court nevertheless "may determine which of several competing inferences suggested by the evidence should be preferred."  (Citation omitted.)  *State v. Cochran*, 2d Dist. Montgomery No. 27023, 2017-Ohio-216, ¶ 6.  A determination that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of the sufficiency of the evidence, because "a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency."  (Citation omitted.)  *State v. McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11; *State v. Miller*, 2d Dist. Montgomery No. 25504, 2013-Ohio-5621, ¶ 48, citing *McCrary* at ¶ 11.

{¶ 13} R.C. 2903.13(A) prohibits any person from "knowingly caus[ing] or attempt[ing] to cause physical harm to another * * *."  In the first part of her argument, Taylor maintains that the prosecution failed to prove that she caused or attempted to cause physical harm to R.F. with the requisite mens rea—"knowingly."  Appellant's Br. 2.  A person "acts knowingly," pursuant to the definition set forth in R.C. 2901.22(B), "when [she] is aware that [her] conduct will probably cause a certain result or will probably be of a certain nature."  Proof of knowledge is often circumstantial.  *See, e.g., State v.*

*Bowshier*, 167 Ohio App.3d 87, 2006-Ohio-2822, 853 N.E.2d 1210, ¶ 60-68 (2d Dist.); *City of Huber Heights v. Gilreath*, 2d Dist. Montgomery Nos. 19234 & 19235, 2002-Ohio-4334, ¶ 25; *State v. Whitmore*, 8th Dist. Cuyahoga No. 56411, 1989 WL 150995, *1 (Dec. 14, 1989).

{¶ 14} Here, Taylor herself testified that she sought to discourage R.F.'s inappropriate expectorations by "intimidat[ing] him with the hot sauce bottle" and telling him that the sauce would "burn [his] mouth." Trial Tr. 84:14-85:6 and 97:9-97:16. She also expressed her belief that ingestion of hot sauce could "harm [a child] if [he] were to swallow it" or if it were to come into contact with his eyes. *See id.* at 98:11-99:3. Thus, we hold that Taylor's own testimony provided the trial court with evidence sufficient to support a finding that she acted with the requisite mens rea.

{¶ 15} In the second part of her argument, Taylor posits that in the absence of an objectively observable physical injury, the pain R.F. experienced as a result of his exposure to the Sriracha sauce should not be deemed a "physical injury" for purposes of R.C. 2903.13(A). *See* Appellant's Br. 5. She notes, in this respect, that the "hot sauce at issue herein is a product specifically designed and intended to be ingested through the mouth," meaning that the "sensation of heat" produced by consumption of the sauce should not "be classified as [an] injury or physiological impairment." *Id.* According to Taylor, her position is supported by our opinion in *State v. Hill*, 2d Dist. Montgomery No. 20678, 2005-Ohio-3701. *Id.*, quoting *Hill* at ¶ 34.

{¶ 16} The term "physical harm to persons" is defined by R.C. 2901.01(A)(3) as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." In *Hill*, we considered whether a "punch [to the] gut" constituted "physical harm," for

purposes of the assault statute, under the foregoing definition. *See Hill* at ¶ 14-22 and 34. We "conclude[d] that a pain-inducing blow is sufficient to satisfy the 'physical harm' element of [a]ssault." *Id.* at ¶ 34. Though we remarked further that we were "not prepared to hold that any discomfort, however trivial," would qualify as "physical harm," Taylor's quotation of this remark in isolation from its context is misleading. *See* Appellant's Br. 5. Notwithstanding our disinclination to hold that "any discomfort" would qualify as "physical harm," we indicated that on the record then before us, the trial court had been presented with evidence justifying its finding that the "punch to [the victim's] 'gut' was sufficiently painful" to constitute physical harm. *Hill* at ¶ 34. In other words, contrary to the premise of Taylor's argument, we decided in *Hill* that pain of sufficient intensity can constitute physical harm and thereby satisfy the "physical harm" element of assault pursuant to R.C. 2903.13(A). Consequently, we hold that the trial court in the instant case received sufficient evidence to support its finding that R.F. suffered physical harm.

{¶ 17} Additionally, Taylor criticizes the trial court for failing "to address the defense of parental discipline." Appellant's Br. 9. For her part, Taylor fails to acknowledge that parental discipline is an affirmative defense for which she bore the burden of proof. *State v. Thompson*, 2d Dist. Miami No. 04 CA 30, 2006-Ohio-582, ¶ 33; *State v. Royster*, 2d Dist. Montgomery No. 25870, 2015-Ohio-3608, ¶ 25, fn.3, quoting *Thompson* at ¶ 33; *see* Appellant's Br. 6-9. Taylor did not raise the defense before the trial court—she declined to make an opening statement, made an oral motion under Crim.R. 29 at the close of the State's case "without argument," and did not refer to the defense in her closing statement or in her sentencing memorandum of July 28, 2017. *See* Trial Tr. 9:9-9:15, 76:11-77:2

and 106:17-111:21. As a result, Taylor has waived her right to assert the defense on appeal. *State v. Castro*, 2d Dist. Montgomery No. 14398, 1995 WL 558782, *15 (Sept. 20, 1995); *State v. White*, 10th Dist. Franklin No. 06AP-607, 2007-Ohio-3217, ¶ 20; *State v. Pimental*, 8th Dist. Cuyahoga No. 84034, 2005-Ohio-384, ¶ 34.

{¶ 18} We find that the State presented sufficient evidence with respect to each of the elements of assault under R.C. 2903.13(A) to prove Taylor's guilt. Furthermore, we find that the trial court did not clearly lose its way in evaluating the evidence. Taylor's first assignment of error is overruled.

{¶ 19} For her second assignment of error, Taylor contends that:

THE COURT DID NOT HAVE JURISDICTION OF [SIC] THE CHILD ENDANGERING CHARGE[,] AND IT WAS ERROR TO MERGE THAT CHARGE WITH THE ASSAULT[.]

{¶ 20} Finally, Taylor argues that because the trial court lacked jurisdiction to try her on the charge of endangering a child under R.C. 2919.22(B)(1), this "case should be remanded for the court to enter a dismissal." Appellant's Br. 10. The State agrees that the trial court lacked jurisdiction but argues that because the court found Taylor not guilty of the offense, the error "was harmless." Appellee's Br. 10-11.

{¶ 21} Pursuant to R.C. 2151.23(A)(6), the "juvenile court has exclusive original jurisdiction" to "hear and determine all criminal cases in which an adult is charged with a violation of * * * division (B)(1) of section 2919.22" of the Revised Code. The trial court, then, did not have jurisdiction to adjudicate the criminal complaint against Taylor for endangering a child. Given that a "judgment rendered by a court lacking subject matter jurisdiction is void ab initio," we sustain Taylor's second assignment of error. *State v.*

*Schooler*, 2d Dist. Greene No. 2003 CA 65, 2004-Ohio-2430, ¶ 16, citing *State v. Saxon*, 4th Dist. Highland No. 02 CA 15, 2003-Ohio-1199, ¶ 25.

### III. Conclusion

**{¶ 22}** We hold that the trial court received sufficient evidence to find Taylor guilty of assault under R.C. 2903.13(A), and further, we hold that the trial court did not lose its way in evaluating the evidence before it. The conviction of assault is affirmed. With respect to the charge of endangering a child under R.C. 2919.22(B)(1), we hold that the trial court did not have jurisdiction to try Taylor; therefore, the judgment related to endangering a child is void and is hereby vacated.

. . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies mailed to:

Nolan C. Thomas
James S. Armstrong
Hon. Frederick W. Dressel