**[Cite as *State v. Dupree*, 2023-Ohio-3320.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220560 |
| | | TRIAL NO. 22CRB-6900 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| AMEISHA DUPREE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: September 20, 2023

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Danielle Ferris*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, *Lora Peters,* Assistant Public Defender, and *Spencer Hattemer*, for Defendant-Appellant.

**ZAYAS, Judge.**

**{¶1}** Ameisha Dupree appeals her conviction, after a bench trial, for assault. In one assignment of error, Dupree argues that her conviction is not supported by sufficient evidence and is contrary to the manifest weight of the evidence. For the following reasons, we affirm the judgment of the trial court.

## Factual Background

**{¶2}** Ameisha Dupree was charged with assault for kicking Verna Houston. Houston testified that Dupree had been dating her grandson, Trezmon Holmes. Holmes had allowed Dupree to move her belongings into Houston's home the prior weekend while she was out of town. On that day, Houston had gone to see "the butterflies" with her friend Jenny Rodavich. When she returned home, Dupree's belongings were on the front porch in bags, and Dupree was searching through the bags and placing items on the porch. Houston asked her to take the bags to her car because Dupree was blocking the door. When Dupree refused, Houston decided to move the bag. Before Houston could move the bag, Dupree grabbed Houston's purse from her arm, threw it, and pushed Houston away from the bag.

**{¶3}** As Houston was retrieving her purse, Dupree ran into the house. Houston followed her into the home, and Dupree kicked her in the upper chest area causing her pain. Houston called the police, and the police made Dupree leave the residence. Admittedly, Houston did not like Dupree and did not want her at her home.

**{¶4}** Rodavich testified that she had spent the day with Houston and drove Houston home after having lunch. When she arrived, Rodavich saw black garbage bags on Houston's porch and Dupree searching the bags. As Rodavich parked her car, Houston asked Dupree twice to take her belongings and leave the property. Dupree

ignored Houston and continued looking through the bags and moving things from one bag to another. When Houston tried to move the bags, Dupree grabbed her purse and threw it into the neighbor's yard. Houston retrieved her purse, and Dupree and Houston were yelling. Rodavich returned to her car to call 911, and when she turned around, the two had gone into the house.

{¶5} Rodavich returned to the porch, looked into the house, and saw Dupree kick Houston in the lower body area. While looking in the house, Rodavich saw Houston's grandson Holmes standing at the top of the steps. Other than the kick, she did not see any physical contact involving Houston, Dupree, and Holmes. Rodavich testified that Houston did not touch or kick Dupree.

{¶6} After Rodavich's testimony, the state rested, and Dupree testified on her own behalf.

{¶7} Dupree testified that she had been staying at Houston's home and received a text message from Houston's grandson Holmes to retrieve her belongings. One of the bags on the porch had a hole in it, so Dupree was pushing the clothing into the bag so she could put it in her car.

{¶8} While she was on the porch, Houston and Rodavich pulled into the driveway, and Houston said, "[O]h, hell nah, get the fuck off my porch." Houston grabbed the bag out of her hand, threw it into the grass, spilling her belongings, and continued to ask her to leave. When Dupree picked up her clothes and returned to the porch, Houston grabbed the bag and again threw it into the grass. Houston kicked a bag into the grass, and Dupree had to retrieve her clothing for a third time. This time, when Dupree returned to the porch, she grabbed Houston's purse and threw it into the grass. Dupree admitted that she hit Houston's chest while grabbing the purse.

{¶9} At this point, Rodavich got out of her car and told her to leave. Dupree responded, "Shut your white ass up." Holmes came out of the house, and Houston told him that Dupree had "put her hands on her." Holmes snatched Dupree's bonnet from her head and ran into the house. Dupree ran after Holmes, and he punched her in the face. Houston picked up a broom and hit her in the legs. Dupree kicked Houston to make her stop, while Holmes was punching her in the head. After Holmes stopped punching her, the police arrived.

{¶10} During closing arguments, Dupree argued that she and Houston engaged in mutual combat because Houston hit her first and requested the court to find her not guilty of assault or, in the alternative, guilty of a misdemeanor disorderly conduct.

{¶11} The trial court found Dupree guilty after specifying that the testimony of Houston and Rodavich was credible, there was not a mutual fight, and Dupree admitted that she kicked Houston.

{¶12} Dupree now appeals, and in one assignment of error, she argues that the conviction for assault was not supported by sufficient evidence and ran contrary to the manifest weight of the evidence because the state failed to establish that Houston suffered physical harm. In the alternative, Dupree argues that the court should have found her guilty of the lesser-included offense of disorderly conduct because the two engaged in mutual combat.

## Law and Analysis

{¶13} In reviewing a challenge to the sufficiency of the evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of

4

the crime had been proved beyond a reasonable doubt. *State v. Ham*, 1st Dist. Hamilton No. C-170043, 2017-Ohio-9189, ¶ 19, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶14} "When considering a challenge to the weight of the evidence, the court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice." *Id.*, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). We afford substantial deference to credibility determinations because the factfinder sees and hears the witnesses. *See State v. Glover*, 1st Dist. Hamilton No. C-180572, 2019-Ohio-5211, ¶ 30. "This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict." *State v. Prather*, 1st Dist. Hamilton No. C-210585, 2023-Ohio-784, ¶ 44, citing *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 63.

{¶15} R.C. 2903.13(A) provides, in relevant part, that "[n]o person shall knowingly cause or attempt to cause physical harm to another." "Physical harm" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "The slightest injury is sufficient proof of physical harm." *State v. Daniels*, 2018-Ohio-1701, 111 N.E.3d 708, ¶ 35 (1st Dist.).

{¶16} According to Houston, Dupree kicked her in the upper chest area causing her pain. Houston's testimony that the kick by Dupree caused her pain was sufficient to establish that Dupree caused physical harm to Houston. *See State v. Neff*, 10th Dist. Franklin No. 92 AP 655, 1992 Ohio App. LEXIS 5074, 2 (Sept. 30, 1992) (the

act of grabbing and jerking a victim's arm and causing pain constitutes physical harm); *State v. Johnson*, 2d Dist. Greene No. 88-CA-83, 1989 Ohio App. LEXIS 1523, 4 (Apr. 27, 1989) (the infliction of pain by grabbing the male genitalia is physical harm); *State v. Hill*, 2d Dist. Montgomery No. 20678, 2005-Ohio-3701, ¶ 34 (holding that "a pain-inducing blow is sufficient to satisfy the 'physical harm' element of Assault.").

{¶17} Dupree argues that Houston's testimony demonstrated physical contact but not physical harm, citing *State v. Brown*, 6th Dist. Lucas No. L-18-1140, 2020-Ohio-1650. However, in Brown, the victim testified that the kick to his stomach did not hurt. *Id.* at ¶ 20. The court concluded that the evidence must establish some harm in the form of an injury or pain. *Id.* Here, the evidence was sufficient to establish harm in the form of pain. *See id.*

{¶18} Dupree further argues that Houston's testimony was not credible. "It is well settled law that the trial court was in the best position to determine the credibility of the witnesses." *Daniels*, 2018-Ohio-1701, 111 N.E.3d 708, at ¶ 37. The trial court found that Houston's testimony was credible.

{¶19} In the alternative, Dupree contends that the trial court erred "when it refused to consider the altercation between Ms. Dupree and Ms. Houston as mutual combat because the court determined Ms. Dupree was trespassing." The record reflects that the trial court considered whether the two were engaged in mutual combat and determined they were not because Houston asked Dupree to leave the property, Houston touched a bag and not Dupree, Dupree ran into the home, and Dupree admittedly kicked Houston.

{¶20} Based on this record, the evidence was sufficient to support the assault conviction. We cannot say that the trial court clearly lost its way and created such a

manifest miscarriage of justice that we must reverse Dupree's conviction and order a new trial. We overrule the sole assignment of error.

## Conclusion

{¶21} Having overruled the sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE, P.J.,** and **BERGERON, J.,** concur.

Please note:
    The court has recorded its own entry this date.